# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **SOUTHWEST ELECTRICAL CONTRACTING SERVICES, LLC**<br> *Plaintiff*, | §<br>§<br>§<br>§<br>§ | |
| **v.** | § | **Case No. 5:26-cv-4718** |
| | § | |
| **U.S. ARMY CORPS OF ENGINEERS**<br> *Defendant.* | §<br>§<br>§ | |

## ORIGINAL COMPLAINT

## I. INTRODUCTION

1. Southwest Electrical Contracting Services, LLC ("SWECS" or "Plaintiff") brings this action pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et seq.*, to compel production of public records under two requests made to the U.S. Army Corps of Engineers ("Corps" or "Defendant"). The first request has languished for more than eighteen (18) months without response. The Corps "missed" the second, did not even acknowledge it for more than six (6) months, and has not substantively responded.

2. FOIA requires a federal agency to provide a reasoned determination of its intent to comply within twenty (20) days of receipt of a request. 5 U.S.C. § 552(a)(6)(A). If unusual circumstances exist, a federal agency can notify the requester in writing that it requires up to ten (10) additional business days. 5 U.S.C. § 552(a)(6)(B). Requested records must be disclosed in a timely manner unless an enumerated exemption applies. 5 U.S.C. § 552(a)(8)(A).

3. On or about December 12, 2024, SWECS requested records from the Corps ("FOIA Request No. 1"). The Corps acknowledged the request and assigned tracking numbers. However, despite numerous inquiries, the Corps has failed to provide a determination, let alone disclose any of the requested records.

4.     On or about November 14, 2025, SWECS submitted a separate request for Corps records ("FOIA Request No. 2").  The Corps did not acknowledge receipt of FOIA Request No. 2 until late May 2026 and has not provided its formal determination.

5.     The Corps' inaction is unlawful and leaves SWECS no resort but filing this lawsuit. SWECS seeks a declaration that the Corps violated FOIA and an order compelling the Corps to make the required determinations and disclosures by a date certain.

## II.     PARTIES

6.     Plaintiff is a Texas limited liability company with its principal place of business in Converse, Texas.  Plaintiff seeks public records in the possession or control of Defendant with respect to construction work that SWECS performed to support improvements at Lackland Air Force Base in San Antonio, Texas.

7.     Defendant is an administrative component of the United States Department of Defense.  It is an agency of the executive branch of the United States government subject to FOIA, pursuant to 5 U.S.C. § 552(f).  Defendant is in possession or control of public records requested and sought by SWECS.

## III.     JURISDICTION AND VENUE

8.     This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) as an action for disclosure of improperly withheld records; 28 U.S.C. § 1331 as an action arising under the Constitution, laws, or treaties of the United States; 28 U.S.C. § 1346 as an action against the United States as a defendant; 28 U.S.C. § 2201 as an action seeking relief in the form of a declaratory judgment; and 28 U.S.C. § 2202 as an action seeking further relief based on a declaratory judgment.

9.     Venue is proper in this District Court under 5 U.S.C. § 552(a)(4)(B) because the Plaintiff, as complainant, has its principal place of business in this district, and also because this is the district in which relevant agency records are reasonably believed to be located, as the construction work at issue also was performed in this district.

### IV. <u>STATUTORY BACKGROUND</u>

10.    The federal government enacted FOIA "to ensure an informed citizenry, vital to the functioning of a democratic society, needed to check against corruption and to hold the governors accountable to the governed." *Socolov v. U.S. Dep't of Just., Off. of Legal Couns., Off. of Info. Pol'y*, No. 1:19-CV-419-DAE, 2025 WL 4672293, at \*2 (W.D. Tex. Feb. 19, 2025) (citing *John Doe Agency v. John Doe Corp.*, 493 U.S. 146, 152 (1989)).  To accomplish that goal, FOIA provides strict time limits and prescribes express procedures.

11.    Federal agencies governed by FOIA include "any executive department, military department, Government corporation, Government controlled corporation, or other establishment in the executive branch of the Government (including the Executive Office of the President), or any independent regulatory agency."  5 U.S.C. § 552(f).  Those agencies, "upon any request for records which (i) reasonably describes such records and (ii) is made in accordance with published rules stating the time, place, fees (if any), and procedures to be followed, **shall make the records promptly available to any person**."  5 U.S.C. § 552(a)(3)(A) (emphasis added).

12.    On receipt of a FOIA request, agencies must within twenty (20) business days provide a reasoned determination of an intent to comply or to deny the request with notification of the requester's right to appeal.  5 U.S.C. § 552(a)(6)(A).  If unusual circumstances exist, a federal agency can notify the requester in writing that it requires an extension of up to ten (10) business days.  5 U.S.C. § 552(a)(6)(B).  Requested records must be disclosed in a timely manner unless an enumerated exemption applies.  5 U.S.C. § 552(a)(8)(A).

13.    If the agency does not deliver its determination within the mandated timeframe, the requester has no further administrative avenue for relief.  Requesters "shall be deemed to have exhausted [] administrative remedies with respect to [their] request if the agency fails to comply with the applicable time limit provisions[.]"  5 U.S.C. § 552(a)(6)(C).

14.    Such a requester's recourse is to file an action in the district courts of the United States. 5 U.S.C. § 552(a)(4)(B).  The courts have "jurisdiction to enjoin the agency from withholding

agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B).

15. In practice, courts have found that "first-in, first-out" is the most equitable and efficient method for an agency to process FOIA requests. *See Eakin v. United States Dep't of Def.*, No. SA-16-CV-972-RCL, 2020 WL 14019140, at *5 (W.D. Tex. Dec. 3, 2020) (citing *Open America v. Watergate Special Prosecution Force*, 547 F.2d 605 (D.C. Cir. 1976)). Agencies "dispose of FOIA requests in chronological order, answering requests in the order in which they were filed." *Id*.

16. The District Court for the Western District of Texas, Austin Division, observed that extensive delays defy FOIA's purpose because "information can hardly be considered free if one must routinely wait several years to obtain it." *Reeves v. U.S. Food & Drug Admin.*, No. A-11-CA-974-SS, 2012 WL 13145567, at *2 (W.D. Tex. Feb. 23, 2012). An agency may not cite workload or resources as "exceptional" circumstances, as "**FOIA requires a higher priority for the processing of requests than 'when we get around to it**[.]'" *See id*. (emphasis added).

## V.    FACTUAL ALLEGATIONS

17. This litigation arises from a construction project at Lackland Air Force Base at 1100 Wilford Hall Loop JBSA-Lackland AFB, San Antonio, Texas 78236 ("Project"). The Project general contractor is Caddell Construction Company, LLC ("Caddell"). SWECS, pursuant to a subcontract agreement with Caddell, has acted and continues to act as the electrical subcontractor for construction of two buildings and supporting structures.

18. The Project was beset by delay and other setbacks. These issues have resulted in arbitration pending before the American Arbitration Association, involving SWECS, Caddell, and others.

19. To develop, evaluate, and prosecute the claims and defenses in the arbitration, SWECS and certain other parties to the arbitration submitted separate FOIA requests to the Corps. While the Corps has responded to other parties' requests, SWECS's FOIA requests remain unfulfilled, and the Corps has provided no determination as to whether, or to what extent, it will produce the records SWECS has requested. The Corps was required to provide its determination within twenty (20) business days, but SWECS's wait is nearing **twenty months**.

20. On November 13, 2024, SWECS submitted an initial FOIA request for records via email and first-class mail to the Office of Counsel for the Fort Worth District of the Corps. The request sought categories of Project-related records in the Corps' possession, custody, or control.

21. On November 20, 2024, Delene Smith, the Paralegal Specialist/FOIA Officer for Fort Worth District of the Corps, responded by email to the November 13, 2024, request. The email explained that the request was received; that it was placed in queue for review and processing; that it was assigned tracking numbers FP-25-004033 and FA-25-0019; but also asserted that "the records sought are not reasonably described" and "overbroad." The email closed by explaining the request would "be administratively closed" because it "cannot be processed at this time."

22. On December 12, 2024, counsel for SWECS responded. Attached hereto as **Exhibit A** is a true and correct copy of that correspondence, which was provided by email and first-class mail. By that same letter, SWECS provided FOIA Request No. 1, which narrowed the language of its categories of requested records and provided a specific timeframe, in accordance with the Corps' instruction.

23. On December 17, 2024, the Corps responded with a letter from its Office of Counsel, signed by Delene Smith, FOIA Officer. Attached hereto as **Exhibit B** is a true and correct copy of that correspondence. The Corps assigned the tracking numbers FP-25-005792 and FA-25-0027. The letter provided: "Under normal circumstances, your anticipated response date was January 13, 2025. Due to the vast amount of information being requested and the fact that information will be requested from other offices within the District, as well as the fact that pursuant to Executive Order, 12,600, there will be a delay in responding to your request." The Corps instructed SWECS to contact it via email with questions.

24. On January 15, 2025, counsel for SWECS responded to the Corps-provided email address, seeking the Corps' estimated date of determination. Attached hereto as **Exhibit C** is a true and correct copy of an email chain including that correspondence.

25. On that same day, January 15, 2025, Delene Smith responded via email on behalf of the Corps. *See* Exhibit C. The message read, in full:

> Due to the voluminous amount of documents requested by you, I have just received the documents. Please note that there are over 8,000 documents responding to this request. At this time, I have not had the opportunity to review any of information provided to determine if it meets the requirements of your request. I am still working as a one-person office with a large backlog. Also, some of the information requested by you will need to be coordinated with the contractor of record (also called submitter notice) pursuant to Executive Order 12,600 which will cause another delay.

26. As of January 15, 2025, the Corps claimed that it had gathered at least some records potentially responsive to SWECS's request, calculated the number of documents to be reviewed, and identified a potential need to coordinate with the contractor of record, Caddell.

27. On January 27, 2025, SWECS's counsel offered to receive records on a rolling basis to expedite the process.  *See* Exhibit C.  Delene Smith's response that same day, in full, read: "Currently, I am working with a back log. I am a one person office. While I have received the requested information, I am also working other requests."  *See* Exhibit C.

28. On March 12, 2025, SWECS's counsel sought an update.  Counsel identified specific records—certain schedule files—to be prioritized, "if possible."  *See* Exhibit C.

29. On May 21, 2025, having received no further response for more than three (3) months, SWECS's counsel again sought an update via email.  *See* Exhibit C.

30. On May 23, 2025, the Corps responded via email from Saul Barroso.  *See* Exhibit C.  The email stated that Delene Smith "is no longer at our office" and identified Lauren Medere as the "new FOIA manager."  The email continued (emphasis added):

> At this time, your request is in the queue for processing. We strive to process requests as efficiently as possible while ensuring thoroughness and compliance with FOIA regulations. Please note that processing times may vary depending on the complexity and scope of the requested information. Additionally, we are adjusting to changes in personnel due to restructuring of government personnel efforts. **Within the past six months our cases have averaged 284 days in a processing status. Based on that figure, your anticipated date is Septemeber [*sic*] 22, 2025.** Please note that this is only an estimate, and we are currently working with a backlog so that they could be extended further.

31.     On October 21, 2025, a month after the Corps' "anticipated date"—and with no determination, let alone records disclosed—SWECS's counsel sought an update and a rolling production.  Attached hereto as **Exhibit D** is a true and correct copy of an email chain including that correspondence.  SWECS noted that it had been 313 days since FOIA Request No. 1 was submitted.

32.     On November 14, 2025, SWECS submitted FOIA Request No. 2, a separate request that did not modify, cancel, or replace FOIA Request No. 1.  Attached hereto as **Exhibit E** is a true and correct copy of that correspondence.  As of the date of this complaint, the Corps has not provided a determination as to FOIA Request No. 2.

33.     On December 27, 2025, the Corps, through Saul Barroso, responded to SWECS's email from October 21, 2025.  *See* Exhibit D.  The email read in full (emphasis added):

> Thank you for your inquiry regarding the status of your Freedom of Information Act (FOIA) request submitted on December 12, 2024. Your request is currently pending review by our acting district counsel. At this stage, we are unable to determine whether any responsive documents will be released on a rolling basis.
>
> We apologize for the delay in processing your FOIA request. Our team continues to work through a significant backlog while also adjusting to recent personnel restructuring and the impacts of the recent government shutdown. We remain committed to processing all requests as efficiently as possible while ensuring thoroughness and full compliance with FOIA requirements.
>
> **Based on the status of your request and its position in our backlog, the new anticipated completion date for your FOIA request is February 25, 2026.** Please note that this is an estimate, and due to the ongoing backlog, this timeframe may be extended further. Should we require further information or clarification from you, we will promptly reach out. If you have any additional questions or concerns, please do not hesitate to contact us. Thank you for your patience and understanding.

34.     On March 6, 2026, counsel for SWECS provided a letter via email and first-class mail to Saul Barroso, Lauren Medere, and James Wittaker, the Corps' FOIA Liaison in Washington, D.C.  Attached hereto as **Exhibit F** is a true and correct copy of that correspondence.  SWECS identified its outstanding requests and stated its desire to avoid litigation to enforce its FOIA request.

35.    On May 19, 2026, the Corps responded via email from Saul Barroso.  Attached hereto as **Exhibit G** is a true and correct copy of an email chain including that correspondence.  The Corps asked SWECS "to confirm whether you are still interested in receiving the requested records" under FOIA Request No. 1 and set a deadline of ten (10) days for SWECS to reaffirm a request that it repeatedly inquired about for more than a year.  That email also introduced the Corps' "new FOIA Officer, Mr. Michael Winge, who will be overseeing requests moving forward."

36.    Two (2) days later, SWECS' counsel responded that it still wanted the Corps to process both requests.  *See* Exhibit G.  SWECS noted that it was unclear whether any processing of its requests had occurred or what remained to be done.  The correspondence continued (bold added):

> To be clear, there are two different outstanding requests from SWECS, and we still need both sets of requested documents.  **Our initial request, tracking number FA-25-0027 / FP-25-005792, has been outstanding since November 13, 2024—554 days.  It is our understanding that the initial request is one of the longest-pending FOIA requests before the USACE, if not *the* longest-pending request**.  SWECS's second, separate request was submitted on November 14, 2025.  We have never received any response or acknowledgment of that request in the more than six months since it was submitted.  We are unaware of any tracking number for that request.
>
> Because SWECS has an urgent need for these documents, we need to know whether and when the USACE will be providing the requested records.  **Other parties in the arbitration have had their requests processed and documents produced by the USACE within the time SWECS's requests have been pending, and it is unclear why SWECS's requests are being treated differently**.  We hope to avoid judicial action on the requests, but given the length of time the requests have been pending without any determination on production and SWECS's immediate need for the documents, we cannot continue to simply wait.  **We propose a telephone call or videoconference with you and/or Mr. Winge next week to discuss.  Please let us know your availability.**

37.    On May 28, 2026, counsel for SWECS asked for a response to the May 21 email.  *See* Exhibit G.  The Corps then responded via email from Michael Winge.  *See* Exhibit G.  The email read in full (emphasis added):

> My sincere apologies for the confusion and lack of response on both requests. As mentioned, I am new, so I am just getting my hands wrapped around our severe backlog in FOIA requests. **FOIA 25-**

**0027 is pending final action and should be complete next week. The request that was submitted 11/14/25 appears to have been missed**. I will get you an acknowledgement and sent out to the records custodian today. I will do my best to get it to you as soon as possible. The timeline will largely depend on the number of documents that need to be reviewed or redacted. Again, my sincere apologies and I will do what I can as quickly as I can.

38.    Despite the Corps' representation that FOIA Request No. 1 would be completed within a week, SWECS still has not received a determination or disclosure of records.

39.    On May 28, 2026, the Corps provided a letter from its Office of Counsel, signed by Michael J. Winge, FOIA Officer, acknowledging receipt of FOIA Request No. 2.  Attached hereto as **Exhibit H** is a true and correct copy of that correspondence.  The Corps assigned tracking numbers FP-26-023563 and FA-26-0053.  The letter contains no estimated timeframe for providing a determination or production of records.

40.    On June 10, 2026, SWECS's counsel again reached out for a status update.  *See* Exhibit G.

41.    As of the date of this complaint, 590 days have passed since SWECS submitted FOIA Request No. 1.  Despite FOIA's requirements, the Corps has not acted to provide a determination or produce any records responsive thereto.

42.    As of the date of this complaint, 253 days have passed since SWECS submitted FOIA Request No. 2.  Despite FOIA's requirements, the Corps has not acted to provide a determination or produce any records responsive thereto.

## VI.    CLAIMS FOR RELIEF

### COUNT ONE

VIOLATION OF THE FREEDOM OF INFORMATION ACT
IN RESPONDING TO FOIA REQUEST NO. 1

43.    SWECS incorporates by reference the allegations in the preceding paragraphs.

44.    Defendant is a federal agency subject to the requirements of FOIA.  5 U.S.C. § 552(f).

45.    SWECS has a statutory right to request records from Defendant, which must respond to any such request within twenty (20) business days.  5 U.S.C. § 552(a)(6)(A).

46.     The Corps violated and is violating SWECS's rights by failing to provide a determination as to FOIA Request No. 1 and failing to disclose public records pursuant to FOIA Request No. 1.

47.     On information and belief, the Corps currently has possession, custody, or control of the requested records.

48.     The Corps has not claimed that any statutory exemptions apply to the records SWECS seeks and has identified no legal basis for its failure to promptly disclose responsive records.

49.     The Corps' violations of FOIA with respect to FOIA Request No. 1 entitle SWECS to an award of reasonable attorneys' fees and other litigation costs pursuant to 5 U.S.C. § 552(a)(4)(E).

## COUNT TWO

### VIOLATION OF THE FREEDOM OF INFORMATION ACT
### IN RESPONDING TO FOIA REQUEST NO. 2.

50.     SWECS incorporates by reference the allegations in the preceding paragraphs.

51.     Defendant is a federal agency subject to the requirements of FOIA.  5 U.S.C. § 552(f).

52.     SWECS has a statutory right to request records from Defendant, which must respond to any such request within twenty (20) business days.  5 U.S.C. § 552(a)(6)(A).

53.     The Corps violated and is violating SWECS's rights by failing to provide a determination as to FOIA Request No. 2 and failing to disclose public records pursuant to FOIA Request No. 2.

54.     On information and belief, the Corps currently has possession, custody, or control of the requested records.

55.     The Corps has not claimed that any statutory exemptions apply to the records SWECS seeks and has identified no legal basis for its failure to promptly disclose responsive records.

56.     The Corps' violations of FOIA with respect to FOIA Request No. 2 entitle SWECS to an award of reasonable attorneys' fees and other litigation costs pursuant to 5 U.S.C. § 552(a)(4)(E).

## VII.     PRAYER FOR RELIEF

WHEREFORE, SWECS respectfully requests that the Court:

A.     Adjudge and declare that the Corps' failure to respond or disclose the records is unlawful and in violation of FOIA, with respect to each of SWECS's FOIA requests;

B.      Enjoin the Corps from withholding all non-exempt public records responsive to each or both of SWECS's FOIA requests, and order the Corps to disclose all such records;

C.      Declare that SWECS is the prevailing and/or substantially prevailing party in this litigation and that SWECS therefore is entitled to recover from the Corps its reasonable attorneys' fees and litigation costs;

D.      Award to SWECS its reasonable attorneys' fees and litigation costs pursuant to 5 U.S.C. § 552(a)(4)(E); and

E.      Grant to SWECS such other and further relief as the Court may deem just or proper.

//

//

Dated: July 24, 2026                              Respectfully submitted,

GARDNER LAW
745 E Mulberry Ave Ste 500
San Antonio, TX  78212-3149
(210) 733-8191 – Telephone
(210) 733-5538 – Facsimile

By:      */s/ R. Wes Johnson*
          R. Wes Johnson
          State Bar No. 10787100
          wjohnson@gardnertx.com

*Attorneys for Plaintiff Southwest Electrical Contracting Services, LLC*

**CERTIFICATE OF SERVICE**

I certify that on July 24, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification to all counsel of record.

*/s/ R. Wes Johnson*